SAVOY, Judge.
The plaintiff-appellant, Avoyelles Parish Police Jury filed suit on a written contract against the defendant, A. M. Lemoine, seeking judgment in the amount of $400.
During the years 1952 and 1953, the Avoyelles Parish Police Jury initiated a project to improve drainage in connection with Bayou des Cyprairres (Bayou Cy-prierre). Certain monies were appropriated by the Congress of the United States and made available by the Secretary of the Army of the United States for use in the channel improvement of Bayou des Cy-prairres. In order to obtain these funds, the Avoyelles Parish Police Jury agreed to furnish free of costs to the United States all lands, servitudes and rights-of-way needed for the construction of this project.
In order to obtain a servitude from A. M. Lemoine, the defendant-appellee, the Police Jury agreed to construct a bridge at a designated place across the Bayou and to spread the spoil bank resulting from the dredging operation on the defendant-appel-lee’s property adjacent to the canal.
The following language was included in the instrument signed by the defendant granting the servitude, to-wit:
“A bridge will be built over Boute de Bayou (which is the right-of-way of the canal) plug will be left in canal shown as ‘Insert A’ On map of plans of the U. S. Engineers.
“Mr. Lemoine agrees to put up $400.00 of his own money toward building the bridge and spreading spoil bank.
*244 “All fences shall be rebuilt at no expense to the owner.”
The Police Jury filed suit against defendant for non-payment of the agreed price of $400, alleging that it had fulfilled its obligations under the servitude agreement by building the bridge and spreading the spoil.
The defendant filed an exception of non-joinder, contending that the United States of America was a necessary party. This exception was overruled.
Exceptions of no cause and no right of action were referred to the merits of the case. The defendant filed an answer admitting that he signed the right-of-way and construction permit, but alleging that the plaintiff and the United States of America, through their agents, had breached and violated the agreement in several particulars, to wit:
“(a) They dug or excavated a canal over and across defendant’s tillable property, instead of enlarging and digging the existing channel of Bayou des Cyprierres, as had been agreed upon;
“(b) They failed to spread the spoil pile which was dumped upon defendant’s land as stipulated and agreed in the right of way and construction permit;
“(c) They buried trees, stumps and debris with the spoil pile resulting from their excavations over and across defendant’s property, making it impossible to restore defendant’s land to its former condition of fillability;
“(d) They used and appropriated some valuable cleared farm land belonging to defendant in violation of the conditions of the right of way and construction permit which he had executed on February 25, 1953.”
The defendant further answered that under the terms of the agreement, in order to complete the work to which plaintiff and the United States of America had obligated themselves, he had paid, as he has agreed to do, from his own funds an amount far in excess of $400; specifically, that he had put up $930 of his own money to do this work.
The lower court rendered judgment, without written opinion, declaring that the plaintiff failed to make due proof of its demands, and dismissing the plaintiff’s suit as of non-suit. From this judgment the plaintiff prosecuted this appeal.
Defendant filed an exception of no right of action and an exception of no cause of action. The suit is based on a written contract. We conclude that the exceptions are without merit and they are hereby overruled.
The channel as originally planned was never actually completed. Certain landowners refused to give permits and the channel was not completed through these lands. The function of the project was for improvement of the drainage in the area and the channel has some value and functions properly as constructed, although it falls short of the over-all function originally planned.
The defendant, A. M. Lemoine, and other landowners in granting this servitude believed that the project would follow the existing channel of Bayou des Cyprairres. The instrument granting the servitude by the defendant referred to “Channel improvement of Bayou Des Cyprairres”, “improvement of the channel of said Bayou” and “purpose of enlarging existing channel”. However, the instrument went further and stated that said project was to be performed in accordance with “plans and specifications of File No. 8-16-18423 of the Office of the District Engineer, New Orleans, Louisiana, which are embodied herein by reference and on file in the Office of the Clerk of Court of Avoyelles Parish.”
There is a conflict of testimony as to the extent to which the spoil bank was spread. Witnesses for the plaintiff testified that considerable time was spent by agents of the *245 plaintiff in spreading the spoil bank on the land of the defendant. Several witnesses for the defendant testified that the spoil was unevenly spread, with part of the spoil not touched, and left in depths of several feet in places.
Photographs were introduced showing part of defendant’s property before the channel was dug, and after the spoil bank was spread by the plaintiff. These photographs to a large extent substantiate the testimony of the defendant and his witnesses.
On September 24, 1954, the defendant entered into a contract with W. H. “Bill” Smith, in the sum of $960 to spread the spoil bank and to dredge a part of the canal according to certain specifications as spelled ■out in the contract filed in evidence. A ■credit of $30 was given, and the defendant paid $930 to W. H. Smith for this work. The major part of this work was in spreading the spoil bank.
After a careful examination of the record, we conclude that there is adequate evidence to sustain the judgment of the lower court in favor of the defendant.
It is true that the servitude agreement ■contained no details as to how the spoil bank was to be spread. On the other hand the servitude agreement did not provide to ■whom, when or on what conditions the defendant was to put up $400 of his own ■money toward building the bridge and spreading the spoil bank. Under its loose terms the defendant has fulfilled his obligation of spending $400 in spreading the spoil bank. The burden of proof was upon the plaintiff to make out its case, part of which was to prove reasonable performance of its obligation to spread the spoil bank. There is ample evidence to support ■the lower court’s holding that plaintiff failed to prove its claim by a preponderance of ■the evidence. We find no manifest error.
For the reasons assigned, the judgment of the lower court is affirmed.
Affirmed.